UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-313-MOC-DCK

| LAMONT SMALLWOOD, | ) | |
|---|---|---|
| Plaintiff, pro se, | ) | |
| v. | ) | ORDER |
| AMERICAN SIGNATURE HOME INC., | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a Motion for Judgment on the Pleadings filed by Defendant American Signature Home, Inc., pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 22).

I. **Background**

Pro se Plaintiff Lamont Smallwood filed this action on March 15, 2024, claiming that he was subject to employment discrimination based on his race and religion in violation of Title VII of the Civil Rights Act of 1964. (Doc. No. 1). Plaintiff attached a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). (Doc. No. 1-1). The factual allegations and relief sections of Plaintiff's Complaint are left blank.

II. **Legal Standard**

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings when it would not delay trial. FED. R. CIV. PRO. 12(c). "A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." Occupy Columbia v. Haley, 738 F.3d 107, 115 (4th Cir. 2013) (citing Edwards v.

1

City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, under Rule 12(c), a claim must be dismissed when a claimant's allegations fail to set forth a set of facts which, if true, would entitle the claimant to relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). When considering a motion to dismiss, the Court is "obliged to accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." Feminist Majority Found. v. Hurley, 911 F.3d 674, 685 (4th Cir. 2018).

Additionally, "[f]ederal courts are obliged to liberally construe filings by pro se litigants." U.S. v. Brown, 797 Fed. Appx. 85, 89 (4th Cir. 2019) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, even a pro se litigant's complaint should be dismissed when "it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief." Barefoot v. Polk, 242 Fed. Appx. 82, 83 (4th Cir. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)).

**III. Discussion**

Defendant argues that Plaintiff has not stated a claim upon which relief can be granted. The Court agrees. Beyond stating that Defendant has violated Title VII of the Civil Rights Act, Plaintiff does not state the elements of a claim or include a single factual allegation. Even when construing the Complaint liberally and evaluating it in the light most favorable to Plaintiff, it is beyond doubt that Plaintiff has not stated a claim that, if proven, could entitle him to relief. Plaintiff's claim will be dismissed.[1]

---

[1] The Court also notes that, despite the Court's issuance of a "Roseboro" order informing Plaintiff of his right to respond to Defendant's motion and the deadline for doing so, Plaintiff did not respond. That order stated that failure to respond may result in dismissal of Plaintiff's claims. See (Doc. No. 24).

## IV. Conclusion

For the above reasons, the Court will grant Defendant's motion for judgment on the pleadings.

## ORDER

**IT IS, THEREFORE, ORDERED,** that Defendants' motion for judgment on the pleadings, (Doc. No. 22), is **GRANTED**. Plaintiff's claims are hereby **DISMISSED** without prejudice.

Signed: July 22, 2025

Max O. Cogburn Jr
United States District Judge